NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STEVEN ROBERT JAFFE, | No.   15-16880 |
| Petitioner-Appellant, | D.C. No. 4:05-cv-04439-PJH |
| v. | |
| MATTHEW KRAMER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Steven Jaffe appeals the district court's order denying his petition for a writ

of habeas corpus.  We affirm.

This court reviews de novo a district court's denial of habeas relief.

*Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014).  A petitioner can obtain

habeas relief if the state court adjudication "involved an unreasonable application

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1] But even if a state court made a constitutional error within the meaning of this provision, the federal court must also assess whether the error was prejudicial. *Ortiz v. Yates*, 704 F.3d 1026, 1038 (9th Cir. 2012).

Here, Jaffe argues that evidence was admitted at his trial unconstitutionally via a transcript of Officer David Miller's testimony during a preliminary hearing. Miller was not available to testify at trial, and Jaffe argues he was unable to cross-examine Miller effectively. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004) (holding that an absent witness's statements are admissible under the Confrontation Clause "only where the declarant is unavailable, and only where the defendant [] had a prior opportunity to cross-examine").

Assuming without deciding that the state court admitted this evidence unreasonably under clearly established law, the error was harmless. Jaffe theorized at trial that Officer Miller had planted drugs in his wallet and jacket, but he would have to rely on circumstantial evidence and speculation to support his theory that

---

[1] Jaffe does not argue that the state court adjudication was "contrary to" clearly established Supreme Court precedent, or that it was based on an "unreasonable determination of the facts." *See id.* § 2254(d)(1)–(2).

Miller planted evidence in order to rehabilitate his standing in the police department. In fact, after Jaffe's arrest, when police told him he would be charged with possession of methamphetamine, he did not react in confusion or outrage, but asked whether the officers had found cocaine in a jacket in his car. In addition, the cross-examination Jaffe would have conducted at trial—impeaching Miller with his indictment arising from "helping houses of prostitution"—largely repeated information the jury had already heard by the parties' stipulation. The jury knew Miller had been fired and that charges had been filed against him.

Finally, Jaffe argues that the prosecution would have been unable to prove it found drugs without Miller's testimony establishing a chain of custody. His petition cannot be granted on this basis. First, it is unclear whether Jaffe's chain-of-custody argument was raised before Jaffe's current appeal. Second, even if we were to reach the merits of this argument, Jaffe relies again on the speculation that Miller planted drugs. His argument overlooks that another officer ordered Miller to search for the cocaine after Jaffe asked whether they had found it in his jacket, and that the trial court admitted documentary evidence establishing a chain of

custody for the cocaine.[2]  Any problems with this evidence were for the jury to weigh.

Moreover, as to admission of the drug evidence, "the correctness of a trial court's evidentiary ruling as a matter of state law" is irrelevant to federal review under § 2254.  *See Larson v. Palmateer*, 515 F.3d 1057, 1065 (9th Cir. 2008). Only if Jaffe was denied the due process of law is he entitled to habeas relief.  *See id.*; *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993).  Jaffe has cited no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), showing he was denied due process.

We thus have no "grave doubt" about the outcome here.  *See O'Neal v. McAninch*, 513 U.S. 432, 435, 437–38 (1995).  The district court's order is **AFFIRMED**.

---

[2]  Any argument that the chain of custody was improperly based on documentary evidence was not exhausted because this issue was not raised in habeas proceedings in state court.  Because the government must expressly waive exhaustion, 28 U.S.C. § 2254(b)(3), this issue is not properly before us.